DECISION AND JOURNAL ENTRY
Jeff Earl Haught appeals the decision of the Summit County Court of Common Pleas, adjudicating him a sexual predator. This court affirms.
 I. On December 23, 1987, Haught was sentenced to a term of eightto twenty-five years of imprisonment, after a jury trial in whichHaught was found guilty of rape. Haught appealed his conviction,which this court affirmed. State v. Haught (July 27, 1988),Summit App. No. 13495, unreported. On June 14, 1999, the trialcourt held a hearing pursuant to R.C. 2950.09 to determine ifHaught was a sexual predator as defined by the statute. The trialcourt determined that Haught was a sexual predator. Haught filedthe instant appeal, asserting three errors. We have rearrangedthem for ease of discussion.
 II.
3. Chapter 2950 of the Revised Code is unconstitutional.
 Haught invites this court to disregard the clear holding of the Ohio Supreme Court in State v. Cook (1998), 83 Ohio St.3d 404, certiorari denied, (1999) 525 U.S. 1182, 143 L.Ed.2d 116, that R.C. 2950, Ohio's sexual predator statute, is constitutional. This court declines to do so.
 This court has recently addressed this issue and reaffirmedthe position asserted in Cook. State v. Mikaloff (Apr. 26, 2000),Summit App. No. 19679, unreported, at 6-7. Since that decision,the Supreme Court has again affirmed the constitutionality of thestatute on the very issues raised by Haught. On April 28, 2000,the Ohio Supreme Court reversed a decision by the EleventhDistrict, State v. Williams (Jan. 29, 1999), Lake App. No.97-L-191, unreported, in which that appellate court determinedthat the statute was unconstitutional and void. State v. Williams(2000), 88 Ohio St.3d ___. The Supreme Court's decision inWilliams supports the view consistently taken by this court. Wesee no reason to abandon our position and we overrule Haught'sthird assignment of error.
 III. The Court erred as a matter of law when it assigned Appellant the status of Sexual Predator without accepting sufficient evidence for review as required by R.C. 2950.09.
Haught asserts that neither the June 14, 1999 hearing nor the trial court's judgment adjudicating him a sexual predator contains any reference to eight of the ten statutory factors essential to the sexual predator determination, and that the record is unclear about one other. Haught acknowledges that certain facts were stipulated to by the parties, but asserts that he brought to the attention of the trial court facts which were disputed and which were pertinent to the statutory factors.
R.C. 2950.09(B)(2) provides that the judge, in determiningwhether a defendant is a sexual predator, shall consider all relevantfactors, including, but not limited to all of the following:
The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Haught asserts that the court was unclear as to the age of the victim and of the defendant, and that none of the other factors was properly considered. He concludes that there is insufficient basis to meet the standard required by R.C.2950.09(C)(2) that there is clear and convincing evidence that he is likely to commit another sexual offense. The standard of clear and convincing evidence is that which will produce in the mind of the trier of fact a firm belief or conviction as to the fact to be established. State v.Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported, at3. See, also, Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
This court has already held that the trial court in rendering a sexual predator determination does not need to mention each factor in its decision, but that the court need only consider each factor in making its decision. State v. Osborne (July 28, 1999), Summit App. No. 18848, unreported, at 7, citing State v. Alexander
(Apr. 14, 1999), Summit App. No. 18823, unreported, at 5-6. The factors need not be balanced or weighed. Osborne, supra at 7.
The record includes a transcript of the sexual predator hearing and the exhibits admitted at the hearing, by the stipulations of the parties. The exhibits included the initial incident report of the sexual assault, and the transcript of the preliminary hearing in 1987. At the sexual predator hearing, there was some initial confusion on the part of the judge as to the age of the perpetrator and the age of the victim. However, it was soon established that there was one victim in the underlying offense, who was fourteen years old at the time. The victim was Haught's cousin. Defense attorney stated that Haught was twenty-nine years old at the time of the offense, which matches the description of the defendant's age in the incident report as between twenty-five and thirty years old. It was established that Haught used force to sexually assault his victim, and that he threatened to kill her if she told anyone about the assault. No drugs or alcohol was used in the commission of the crime. Defense counsel stated that at the time of the assault, Haught was on probation for gross sexual imposition, but that he had no prior convictions besides the gross sexual imposition.
The judge permitted Haught to address the court after the discussion of the above evidence. Haught now asserts that "Appellant made a statement to the Court the facts of which remained in dispute among the defense, prosecutor, and Judge." The transcript of the hearing does not support such an assertion. Haught brought to the judge's attention the fact that he believed himself to be rehabilitated, based his involvement in the ministry while in prison. By the time Haught addressed the court, there were no facts in dispute.
The judge then addressed the issues outlined above as factorsthat weighed heavily in her mind in favor of the determinationthat Haught was a sexual predator. This record is sufficient tosupport the trial court's adjudication by clear and convincingevidence. Haught objects that certain statutory factors, whichhave no apparent relevance to his case, were not considered by thejudge. Since R.C. 2950.09(B)(2) only requires the judge toconsider "all relevant factors," and since Haught has not comeforward with relevant factors which were not considered, hisassignment of error is overruled.
 IV. The Court erred to the prejudice of the Appellant in failing to advise him that he had the substantive right to petition the Court for a future review of his label of Sexual Predator.
Haught claims that there is an analogy between the right of a sexual predator to a post-adjudication petition, and the substantive rights protected by Crim.R. 11 when a criminal defendant pleads guilty or no contest. Crim.R. 11 mandates that prior to accepting a plea of guilty or no contest, the trial court must advise the defendant of certain of his legal rights. Haught suggests that a judge in a sexual predator determination must likewise advise the defendant, at the time of adjudication, of his right to petition to have the adjudication removed, pursuant to R.C. 2950.09(D). This court has already addressed this issue and rejected it.State v. Mikaloff (Apr. 26, 2000), Summit App. No. 19679, unreported, at 5-6.
Not only is the analogy flawed and without merit, Haught has failed to proffer any evidence that the alleged error was anything other than harmless error. An adjudicated sexual predator has the right to petition the trial court for an adjudication that he is no longer a sexual predator. R.C. 2950.09(D)(1). The statute provides that a defendant sentenced before January 1, 1997, may file a petition no earlier than one year prior to release from prison. R.C. 2950.09(D)(1)(a). Haught has not offered any information from which this court could determine whether he has become eligible under the statute to file a petition. If he is not yet eligible, he has not been harmed. Haught's second assignment of error is overruled.
Having overruled all of Haught's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 ________________________________ WILLIAM R. BAIRD, FOR THE COURT.
BATCHELDER, P.J. and WHITMORE, J. CONCUR.